**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

JORGE A. TORRES, JR., on behalf of
M.A.D.T.R.,

          Petitioner,

vs.                                                  Case No. 5:16-cv-320-Oc-32PRL

CHERI PETTITT,

          Defendant.

**ORDER**

This case is before the Court on M.A.D.T.R.'s pro se Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is apparently a minor (of unknown age) and the petition was filed by Jorge A. Torres, Jr., (who the Court presumes is M.A.D.T.R.'s father) on her behalf. Upon review, the Court has determined it cannot grant relief as the petition is currently pled. However, because it may be subject to amendment, rather than dismissing the case, the Court will allow petitioner an opportunity to amend or provide additional information.[1]

---

[1] A parent may not proceed pro se in federal court on behalf of a minor child. See Winkelman v. Parma City School Dist., 127 S.Ct. 1994, 1999 (2007) (reiterating common law rule that lay parents may not represent their children in court); Whitehurst v. Wal-Mart, 306 F. App'x 446, 448-49 (11th Cir. Dec. 15, 2008); Local Rule 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this Rule . . . ."). The minor child must be represented by counsel. Although the Court will allow Mr. Torres, who filed the original petition, to respond to the Court's inquiry, he may not file any further papers on M.A.D.T.R.'s behalf without leave of Court. Further, to the extent Mr. Torres is attempting to file a habeas corpus petition on his own behalf to secure the return of M.A.D.T.R., the Court would not have jurisdiction over that claim, as Mr. Torres has previously been advised. See Torres v. Tooley, Case No. 5:16-cv-254-Oc-30PRL (M.D. Fla. (Doc. 3) Order entered

First, it is not clear who the parties are. An amended petition or notice in response to this Order must explain who M.A.D.T.R. is– how old, and what relationship she has to Mr. Torres. It is also unclear who the respondent Cheri Pettitt is or why she was named.

Second, the petition appears to challenge both the conditions of confinement and the basis for detention. However, challenges to the constitutionality of conditions of confinement cases are generally raised as civil rights actions pursuant to 42 U.S.C. § 1983. Challenges to the basis for detention may be raised through habeas petitions, as petitioner has done here, but are subject to dismissal if state court remedies have not been exhausted. See D.D. v. Niles, 615 F. App'x 654 (11th Cir. Sept. 3, 2015) (affirming dismissal of juvenile detention challenge for failure to exhaust state court remedies). If petitioner is pursuing a claim based on the reason for her detention, she must demonstrate that she has exhausted state court remedies. If, on the other hand, petitioner intends to pursue a civil rights action, she must file a separate lawsuit, the filing fee for which is $400.00, but she may move for leave to proceed in forma pauperis if she cannot afford to pay the filing fee.

Accordingly, it is hereby

**ORDERED**:

Petitioner's Emergency Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **denied without prejudice**. No later than **May 25, 2016** petitioner shall either file an amended petition addressing the matters above or shall otherwise advise the Court as to how she intends to proceed.

---

March 31, 2016) (dismissing petition for lack of jurisdiction).

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of May, 2016.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

M.A.D.T.R., pro se petitioner
Jorge A. Torres, Jr.